FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

APR 09 2021

MITCHELL R. ELFERS
CLERK OF COURT
3:30

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                           CR No. 19-1382-001 KG

RAFAEL GOMEZ-VEGA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Rafael Gomez-Vega's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(A)(i) (Motion) (Doc. 128). The United States timely filed a response in opposition to Mr. Gomez-Vega's Motion (Doc. 129). The Motion is now ripe for disposition. After careful review of Mr. Gomez-Vega's Motion, the response, and the relevant law, the Court denies the Motion without prejudice.

*I. Background*

On July 11, 2019, Mr. Gomez-Vega pled guilty to 12 counts in a 14-count Indictment for distribution, possession, and conspiracy to distribute methamphetamine and heroin, in violation of 21 U.S.C. §§ 841(b)(1)(A), (B), and (C). (Doc. 42); (Doc. 75) at 2. On November 5, 2019, the Court sentenced Mr. Gomez-Vega to 120 months imprisonment, followed by five years of supervised release. (Doc. 75) at 3-4. Mr. Gomez-Vega is currently serving his sentence at FCI La Tuna and is expected to be released from custody in March 2029. *See* (Doc. 128) at 2; (Doc. 129) at 3.

On March 22, 2021, Mr. Gomez-Vega filed the instant Motion, requesting compassionate release due to the COVID-19 pandemic. (Doc. 128). In pertinent part, Mr. Gomez-Vega explains that he is 74 years old and suffers from several medical conditions, including hypertension, high blood pressure, osteoarthritis, and Hepatitis-C. *Id.* at 1. Moreover, Mr. Gomez-Vega argues that 18 U.S.C. § 3553(a) supports a sentence reduction to time-served. *Id.* at 8. The United States opposes Mr. Gomez-Vega's request for relief. (Doc. 129) at 1-11.

## II. Discussion

The Tenth Circuit recently endorsed a "three-step test for 'courts considering motions filed under [18 U.S.C.] § 3582(c)(1).'" *See United States v. Maumau*, 2021 WL 1217855, at *7 (10th Cir.) (quoting *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. McGee*, 2021 WL 1168980, at *5 (10th Cir.) (explaining that "because this three-step test is consistent with the plain language of the statute, we adopt the test for use in this circuit"). Under this test, a district court may grant a motion to reduce sentence if: (1) "extraordinary and compelling reasons warrant such a reduction;" (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) it "considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Maumau*, 2021 WL 1217855, at *7. The Court reviews the test in turn, but first begins with the threshold issue of exhaustion. *See* 18 U.S.C. 3582(c)(1)(A) (explaining that court may only award compassionate release after petitioner has "fully exhausted all administrative rights").

### A. Administrative Exhaustion

To effectively exhaust under Section 3582, a petitioner must make an initial request for compassionate release under 28 C.F.R. § 571.61 and appeal a denial pursuant to § 571.63. *See* 18 U.S.C. § 3582(c)(1)(A); *see also* 28 C.F.R. § 571.60-571.64 (Procedures for the

Implementation of 18 U.S.C. § 3582(c)(1)(A)). Specifically, after an initial denial by the warden, a petitioner "may appeal ... through the Administrative Remedy Procedure," set forth in 28 C.F.R. § 542(B). 28 C.F.R. § 571.63(a). Only after the petitioner's request is denied by the General Counsel or the Director of the BOP does the denial "constitute[] a final administrative decision." 28 C.F.R. § 571.63(b)-(c); *see also* 28 C.F.R. § 542.15(a) (explaining appeal first heard by Regional Director and then General Counsel). Alternatively, if thirty days lapse from receipt of the request by the warden with no response, a district court is empowered to consider the Section 3582(c)(1)(A) motion. 18 U.S.C. § 3582(c)(1)(A).

Here, Mr. Gomez-Vega requested compassionate release from the Warden at FCI La Tuna on April 26, 2020. (Doc. 129-1) at 1. The Warden responded, denying Mr. Gomez-Vega's request for relief. (Doc. 129-2) at 1. As a result, Mr. Gomez-Vega was then required to file an administrative appeal of the Warden's decision to fully exhaust, before requesting compassionate release by this Court. *See* 28 C.F.R. § 571.63; *see also* 18 U.S.C. § 3582(c)(1)(A) (explaining exhaustion requirements). However, Mr. Gomez-Vega and the United States both assert that he appropriately exhausted his administrative remedies because more than thirty days passed since his initial request for release. *See* (Doc. 129) at 3; (Doc. 128) at 4.

Despite the parties' contention, district courts in the Tenth Circuit require *either* no response from the warden within thirty days of filing the initial request *or* full administrative exhaustion—including internal administrative appeals of the warden's decision. *See United States v. Norwood*, 2020 WL 4914652, at *2 (W.D. Okla.) (collecting cases); *United States v. Fulton*, 2020 WL 2836994, at *2 (D. Kan); *United States v. Candelaria*, 2020 WL 5076246, at *2 (D. N.M.) (explaining that "language of § 3582(c)(1)(A) plainly contemplates an appeal"). In particular, "[w]hile § 3582(c)(1)(A) permits the sentencing court to consider a [petitioner's]

3

motion if 30 days have lapsed since the facility warden's receipt of a request, courts ... have interpreted the language of the statute to allow consideration of the motion only if the warden has failed to act within the 30 days of receipt of a [petitioner's] request." *Norwood*, 2020 WL 4914652, at *2.

Accordingly, "the filing of a request with a warden only 'initiates' the administrative remedies process." *Candelaria*, 2020 WL 5076246, at *2 (citing *United States v. Springer*, 2020 WL 3989451, at *3 (10th Cir.)). Indeed, if the initial request is denied by the warden, rather than left unanswered, the petitioner "must [then] appeal the warden's decision through the BOP administrative remedy process in order to fully exhaust." *Id.* (internal citation omitted); *United States v. Talk*, 2020 WL 4430406, at *2 (D.N.M.) (same); *see also Maumau*, 2021 WL 1217855, at *7 (explaining that Congress modified the First Step Act "to allow a defendant to directly file a motion for compassionate release ... after *either* exhausting administrative rights to appeal the Director of the BOP's failure to file such a motion, *or* the passage of 30 days from the defendant's unanswered request to the warden") (emphasis added). Thus, notwithstanding the parties' stipulation to the contrary, Mr. Gomez-Vega did not fully exhaust his claim for relief.

Importantly, in the absence of proper exhaustion, this Court lacks authority to grant Mr. Gomez-Vega's request for compassionate release. *See United States v. Valenzuela*, 2020 WL 5439803, at *2 (D.N.M.) (explaining that "[c]ourts can only review final decisions, and only a denial by the Director or General Counsel of BOP is a final decision"); *see also Maumau*, 2021 WL 1217855, at *6 (instructing that "[f]ederal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed ... subject to a few narrow exceptions," one of which, is compliance with § 3582(c)(1)(A))  (internal citation and quotations omitted). Specifically, in cases without full administrative exhaustion, as here, this Court has previously

4

held that it lacks jurisdiction to adjudicate a petitioner's claim for relief. *See United States v. Llantada*, 2020 WL 5204283, at *2 (D.N.M.) (concluding that "Court lacks jurisdiction" to consider motion "unless and until [petitioner] has exhausted all administrative remedies"); *United States v. Little*, 2020 WL 2736944, at *2 (D.N.M.) (finding that "Congress clearly wanted these applications decided at the administrative level if possible"). Nevertheless, because the questions of jurisdiction and exhaustion remain undecided by the Tenth Circuit, the Court will continue to evaluate Mr. Gomez-Vega's Motion on the merits. *See, e.g., United States v. Abdeljawad*, 2020 WL 4016051, at *2, n. 1 (D.N.M.) (holding that "[b]ecause of the split on the exhaustion issue, the Court proceeds to address the next part of the inquiry"); *United States v. Baca*, 2020 WL 5369078, at *14 (D.N.M.) (same).

### B. *Extraordinary and Compelling Reasons to Justify Release*

Recently, the Tenth Circuit clarified that "[d]istrict courts, in carrying out the first step of § 3582(c)(1)(A)'s statutory test, decide for themselves whether 'extraordinary and compelling reasons' exist in a given case." *Maumau*, 2021 WL 1217855, at *9. Writing for the panel, Chief Judge Briscoe explained that "Congress did not … intend for the Sentencing Commission to exclusively define the phrase 'extraordinary and compelling reasons.'" *Id.* Instead, the Sentencing Commission's guidance, describing the "characteristic[s] or significant qualities or features that typically constitute 'extraordinary and compelling reasons,'" should be viewed by the courts as "guideposts to serve as part of the general policy statements to be considered … under the second part of the statutory test…." *Id.* Consistent with this directive, the Court first examines only whether Mr. Gomez-Vega has alleged sufficient evidence of "extraordinary and compelling reasons" to support his claim for compassionate release.

In his Motion, Mr. Gomez-Vega explains that he suffers from several medical conditions, including high blood pressure, hypertension, high cholesterol, Hepatitis-C, and severe osteoarthritis. (Doc. 128) at 1. These medical conditions, when considered in conjunction with Mr. Gomez-Vega's advanced age, likely place him at an increased risk of severe illness if infected with COVID-19. *See* Centers for Disease Control, *People with Medical Conditions*, https://www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited April 5, 2021) (explaining that both hypertension and old-age render an individual "more likely to get severely ill from COVID-19"). Notably, however, Mr. Gomez-Vega is fully vaccinated against the COVID-19 virus. *See* (Doc. 129-3) at 1.

Mr. Gomez-Vega does not explain how his risk of severe illness if infected with COVID-19 is mitigated by his recent vaccination—despite receiving both doses of the Moderna vaccine before filing his present Motion. *Compare* (Doc. 129-3) at 1 (listing that Mr. Gomez-Vega received second dose of Moderna vaccine on March 11, 2021) *with* (Doc. 128) (filing counseled Motion for relief on March 22, 2021). The Centers for Disease Control reports that the Moderna vaccine has a "high vaccine efficacy (94.1%) in preventing COVID-19 following receipt of two doses." Centers for Disease Control, *Moderna COVID-19 Vaccine Question*, https://www.cdc .gov/ vaccines/covid-19/info-by-product/moderna/moderna-faqs.html#faq-6404-2-question (last visited April 5, 2021). Thus, absent any evidence or argument combatting the efficacy of the vaccine's protection to mitigate his medical concerns, the Court is strained to accept that Mr. Gomez-Vega's conditions constitute extraordinary and compelling reasons for compassionate release. As a result, the Court denies Mr. Gomez-Vega's request for relief on these grounds.

6

### C. Section 3553(a) Factors

Even if extraordinary and compelling reasons supported a sentence reduction, however, Mr. Gomez-Vega must also demonstrate that he is not a danger to the community and that the Section 3553(a) factors weigh in favor of release.[1] *See* 18 U.S.C. § 3582(c)(1)(A)(i)-(ii). Among other considerations, the Section 3553(a) factors weigh the nature and circumstances of the offense, and the history and characteristics of the petitioner. *Id.* In addition, the factors consider the need for deterrence, the seriousness of the offense, the protection the public, and the need to avoid unwarranted sentencing disparities among similar offenders. *Id.*

In particular, the Court notes the following factors that informed its decision under the Section 3553(a) analysis. First, Mr. Gomez-Vega's criminal history details several offenses committed well into adulthood, including criminal conduct reported in his forties, fifties, and sixties. (Doc. 61) at 11-16. These offenses, committed as an older adult, indicate that Mr. Gomez-Vega remains a danger to the community if released from custody, even at the age of 74. Most notably, Mr. Gomez-Vega committed the instant offense at the age of 72. *Id.* at 16. Thus, while his age is a factor in the compassionate release calculus, it weighs against the Court's recidivism consideration in this instance.

---

1. Notably, the Court skips the second step in the Tenth Circuit's recently adopted "three-part" test, requiring a court's decision to be "consistent with applicable policy statements issued by the Sentencing Commission." *See Maumau*, 2021 WL 1217855, at *8. The Tenth Circuit has endorsed the position that "district courts may deny compassionate-release motions when any of the three perquisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *McGee*, 2021 WL 1168980, at *6 (citing *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021)). And, even if this Court were to consider more fully the "policy reasons" supporting Mr. Gomez-Vega's Motion under step two, the Tenth Circuit explained that courts are "not constrained by the Sentencing Commission's existing policy statement[s]" because they were codified before promulgation of the First Step Act. *Maumau*, 2021 WL 1217855, at *12.

Second, Mr. Gomez-Vega has served only 21% of his sentence. (Doc. 129) at 2. Allowing his release at this juncture would undermine the gravity of the offense, and result in an unfair disparity between the other individuals sentenced in this case. As a result, Mr. Gomez-Vega's release date likewise weighs against relief under 18 U.S.C. § 3553(a), requiring that the sentence imposed be commensurate with the crime committed, to alleviate unwarranted sentencing disparities between similar offenders.

Dovetailing with the above two considerations, the Court notes that at the time of sentencing, it accepted Mr. Gomez-Vega's stipulation for a 120-month term of imprisonment pursuant to 11(c)(1)(C). *See* (Doc. 62) at 2. Notably, the 120-month sentence imposed is significantly lower than the applicable guideline sentencing range of 292-365 months, for which he was eligible. *Id.* at 1. The Court also notes that, despite his base offense level of 39 and criminal history category of II, Mr. Gomez-Vega's guideline sentencing range would have been higher but for the age of several of his prior convictions. *See* (Doc. 61). Thus, given the sentencing guideline provisions at issue and his undercounted criminal history, the Court continues to find that a 120-month term of imprisonment is sufficient but not greater than necessary to effectuate the goals of sentencing, pursuant to the Section 3553 analysis.

Notwithstanding these considerations, the Court notes that in reviewing Mr. Gomez-Vega's request for compassionate release, it fully examined his plea for relief. Importantly, the Court notes that nearly all of Mr. Gomez-Vega's prior convictions are for drug and alcohol-related crimes, evidencing a nonviolent history of addiction. *See* (Doc. 61) at 11-16 (listing five arrests for DUI, including four convictions). The Court weighed this consideration when deciding Mr. Gomez-Vega's request for relief, and the weight it should afford his prior criminal convictions.

At this juncture, however, and viewing the case in its entirety, the equities weigh in favor of denying Mr. Gomez-Vega's request for compassionate release. The Court understands that Mr. Gomez-Vega is concerned for his health and safety while in custody, and it does not make light of these concerns. However, for the reasons described above, the 18 U.S.C. § 3553(a) factors presently weigh against his release from custody.

*III. Conclusion*

Based on the foregoing, the Court concludes that Mr. Gomez-Vega has not administratively exhausted his claim for relief, depriving this Court of jurisdiction to authorize release. In addition, even if the Court possessed jurisdiction to release Mr. Gomez-Vega, his recent vaccination mitigates the extraordinary and compelling reasons outlined in his Motion. Finally, the Court notes that given the length of his sentence remaining, a modification to Mr. Gomez-Vega's punishment would create unwarranted sentence disparities between similar offenders—particularly, his co-Defendants.

IT IS THEREFORE ORDERED that Mr. Gomez-Vega's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(A)(i) (Doc. 128) is denied without prejudice.

IT IS ORDERED.

_____
UNITED STATES DISTRICT JUDGE